**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARLOS LAMAR WALKER,
        Appellant,

    v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
DC-0752-24-0224-I-1

DATE: August 11, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Gebhardt, Esquire, Washington, D.C., for the appellant.

Jakob Brecheisen and Mary Musilek, Esquire, Bloomington, Minnesota,
    for the agency.

Philip Carpio, Alexandria, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. On petition for review, he argues that the agency failed to prove the charges of false report and lack of candor, including failing to prove

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that the appellant intended to materially gain from his false June 8, 2022 Joint Intake Center (JIC) complaint, that the administrative judge made incorrect credibility findings, that the agency failed to establish a nexus between the charged conduct and the efficiency of the service, and that the penalty of removal was unreasonable. Additionally, the appellant reargues that the administrative judge violated his due process rights by denying his request for a hearing and that the agency violated those rights by failing to provide the entire evidence file relating to his prior discipline. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We expressly MODIFY the initial decision to find that the agency proved the material gain element as required for the false report charge; and, regarding the appellant's whistleblower reprisal affirmative defense, to find that the appellant satisfied the contributing factor element of his claim and that the agency met its burden to prove that it would have removed him in the absence of his protected disclosure. We VACATE the administrative judge's analysis of the appellant's affirmative defense of whistleblower reprisal under the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), *superseded in*

*part by statute as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 (2015).  We otherwise AFFIRM the initial decision.

The agency established the material gain element of its false report charge.

The material gain element of a falsification charge is quite broad and is by no means limited to monetary gains arising from a falsification.  *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 13 (2014).  Material gain can include matters such as securing offers of employment, influencing pending disciplinary proceedings, or using sick leave to avoid being placed in an absent without leave status.  *Id.*  The administrative judge found that "the appellant's persistent enthusiasm to report non-agency matters [concerning his ex-wife] suggests that he was using the agency JIC complaint process to prosecute, at least in part, his own personal grievances against [her]."  Initial Appeal File (IAF), Tab 49, Initial Decision (ID) at 7.[2]  Therefore, while not using the words "material gain," the administrative judge addressed the appellant's specific intent to retaliate against his ex-wife by making his false report to the agency JIC.

The appellant also argues that because he was not under investigation, the report he made "could not have [been] intended to influence someone" or any disciplinary process.  Petition for Review (PFR) File, Tab 3 at 20.  However, as the administrative judge explained, the appellant was clearly trying to initiate disciplinary proceedings of some kind against his ex-wife, as evidenced by the remainder of the appellant's JIC report.  ID at 6-8.  In addition to the false report that his ex-wife forged his signature on a Thrift Savings Plan (TSP) loan, the appellant also alleged that his ex-wife was refusing to follow court orders and trying to ruin his credit.  IAF, Tab 9 at 26.  He referenced the Customs and Border Protection (CBP) code of conduct and stated that he was "concerned that

---

[2] Although the appellant was married to his wife at the time, he indicated below that they finalized their divorce on March 7, 2023.  IAF Tab 8 at 8.  For the sake of simplicity and clarity, we have referred to the appellant's estranged, and later ex-, wife as his ex-wife throughout this decision.

management ha[d] been influenced as no action ha[d] been taken." *Id.* We agree with the administrative judge that the appellant was more likely than not seeking the material gain of retaliating against his ex-wife by initiating an agency disciplinary proceeding for her conduct.

<u>The agency proved by clear and convincing evidence that it would have removed the appellant absent his protected disclosure.</u>

Prior to the appellant's JIC complaint alleging that his ex-wife possibly forged his signature on a TSP loan, the appellant submitted a November 8, 2021 report to CBP's Office of Professional Responsibility (OPR) concerning various allegations of conflict with and misconduct by his ex-wife. IAF, Tab 8 at 102-04. The administrative judge found that the report constituted both protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii) and a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 10-11, 13-14. However, he found that the appellant proved neither that the report had a genuine nexus to, nor that it was a contributing factor in, his removal. ID at 11-14.

In determining that there was no genuine nexus between the appellant's report and his removal, the administrative judge conducted an analysis under *Warren*, 804 F.2d at 656-58. When an appellant raises a prohibited personnel practice affirmative defense in a chapter 75 appeal that independently could form the basis of an individual right of action (IRA) appeal, the Board must analyze it under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e). *Alarid*, 122 M.S.P.R. 600, ¶ 12. The *Warren* standard is inapplicable to such claims. *Id.*, ¶ 15 & n.7. Here, the administrative judge determined that the appellant's November 8, 2021 report contained a protected disclosure under 5 U.S.C. § 2302(b)(8). Such disclosures fall within the scope of the Board's IRA jurisdiction. *Collier v. Small Business Administration*, 2024 MSPB 13, ¶ 5. Accordingly, we vacate the administrative judge's analysis of the report under the *Warren* standard. In light of this finding, we do not reach the appellant's

arguments disputing the administrative judge's *Warren* analysis. PFR File, Tab 3 at 32-33.

When a claim of reprisal for a protected disclosure is made in the context of an otherwise appealable action, as here, the appellant must prove by preponderant evidence that he made a protected disclosure and that the disclosure was a contributing factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 49. If the appellant makes this showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the personnel action absent the protected disclosure. *Id.* One way to establish contributing factor is the knowledge-timing test, under which an appellant can prove that his disclosure was a contributing factor in a personnel action through evidence that the official taking the personnel action knew of the disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 19 (2008). The Board has held that personnel actions taken within 1 to 2 years of the protected disclosure satisfy the timing prong of the knowledge-timing test. *Pridgen*, 2022 MSPB 31, ¶ 63.

In the initial decision, the administrative judge found that the appellant's November 8, 2021 report was too remote to be a contributing factor in his December 6, 2023 removal under the knowledge-timing test. ID at 13-14. We modify this finding. The appellant argues, and the agency does not dispute, that the deciding official became aware of the appellant's report when the appellant included it as part of his written reply to the notice of proposed removal. PFR File, Tab 3 at 34.

The evidence supports the appellant's contention that the deciding official learned of the appellant's disclosure shortly before deciding to remove him. On August 21, 2023, less than 4 months before his December 6, 2023 removal, the appellant submitted his written reply to the proposed removal to the deciding

official. IAF, Tab 8 at 34, 45-48, 66. The appellant referenced his November 8, 2021 report in his reply, and attached a copy. *Id.* at 67, 102-104. There is no evidence in the record suggesting that the deciding official had prior knowledge of this report. Therefore, the appellant has shown that it is more likely than not that the deciding official learned of the appellant's protected disclosure within 4 months of issuing his removal decision, satisfying both elements of the knowledge-timing test.[3] Accordingly, we find that the appellant met his burden to prove that his protected disclosure was a contributing factor in his removal.

However, the agency demonstrated that it would have removed the appellant in the absence of his disclosure. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider all the relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 36 (2011).

As discussed in the initial decision, the agency's decision to remove the appellant was well supported by text messages, a bank statement, the TSP loan agreement with the appellant's notarized signature, and the appellant's own statements. ID at 4-10, 14. The agency submitted a declaration by the deciding official attesting that he removed the appellant "because of his charged

---

[3] The administrative judge also concluded that the appellant did not prove contributing factor under the standard articulated in *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). ID at 14. The appellant raises arguments challenging this finding on review. PFR File, Tab 3 at 32-33. Because we find contributing factor under the knowledge-timing test, we do not reach the appellant's arguments regarding the administrative judge's *Dorney* analysis.

misconduct" and denying retaliatory intent. IAF, Tab 28 at 18. We have considered the appellant's challenges to the administrative judge's rationale for sustaining the agency's charges on review, but we are not convinced. Because we affirm the initial decision with respect to the agency's proof of its charges as well as its chosen penalty, we find that weight of the evidence strongly supports the agency's removal action, and the first *Carr* factor weighs strongly in the agency's favor. *See Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 28 (2004) (concluding that an agency provided strong reasons for its decision to remove the appellant for providing false information about a civilian employee and military officers when its allegations were supported by documentary evidence and the sworn statements of employees with first-hand knowledge of the alleged misconduct), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).

We turn now to the second *Carr* factor, the existence and strength of the retaliatory motives of the proposing and deciding officials. The appellant's November 8, 2021 memorandum to agency OPR did not reference the proposing or deciding official. As relevant here, in his OPR memorandum, the appellant alleged wrongdoing by his ex-wife; suggested that before suspending him for 5 days in June 2019 for an incident that occurred between him and his ex-wife on May 6, 2018, the officials involved had failed to view videos he had taken during the incident; and indicated that in September and October 2021, the appellant had discussed some incidents involving his ex-wife with his first-level supervisor. IAF, Tab 8 at 102-04, Tab 10 at 70-76; ID at 13. The individual who proposed the appellant's removal was a member of a disciplinary review board with no apparent ties to the incidents mentioned in the November 8, 2021 memorandum. IAF, Tab 9 at 8. There is no evidence that the proposing official or the review board had prior knowledge of the appellant's November 8, 2021 OPR report.

There is also no evidence that the deciding official was involved in the wrongdoing alleged by the appellant. Additionally, as noted above, the deciding official declared under penalty of perjury that his decision to remove the

appellant "was not made as a means to retaliate against [the appellant] for his November 8, 2021 memorandum to [OPR]." IAF, Tab 28 at 18; *see Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 14 (2016) (crediting the testimony of the deciding and proposing that they had no motive to retaliate against the appellant based on his whistleblowing); *Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, ¶¶ 4, 6 (2009) (finding that if unrebutted, an affidavit or a declaration made under penalty of perjury proves the facts asserted therein). However, given his status at the time as Executive Director of CBP, we ascribe a slight retaliatory motive to the deciding official based on his potential institutional motive to retaliate based on the appellant's claims of agency wrongdoing. IAF, Tab 8 at 48. The U.S. Court of Appeals for the Federal Circuit has held that even if a deciding official did not have a personal motive to retaliate against an employee, an agency may have a professional retaliatory motive when the employee's whistleblowing activity "implicated the capabilities, performance, and veracity of [agency] managers and employees." *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019); *see Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶¶ 2, 14-16 (imputing management's frustration with the volume of union activity, in which the appellant participated as a union official, to the officials involved in an appellant's separation). The Executive Director may have viewed the OPR memorandum as suggesting a lack of response by the agency and the appellant's first-level supervisor to the appellant's concerns about his ex-wife, who was also an agency employee. IAF, Tab 8 at 102-04.

However, there is no evidence that anyone in management complained about, or was adversely affected by, the appellant's November 8, 2021 memorandum to OPR. *See Soto*, 2022 MSPB 6, ¶¶ 2, 16 (considering the fact that managers complained about union grievances in general, combined with appellant's role as a union official, as supporting a retaliatory motive); *Howard v. Department of Defense*, No. 2025-1506, 2025 WL 3086844, at *3 (Fed. Cir.

Nov. 5, 2025) (concluding that substantial evidence supported a Board administrative judge's determination that an agency's motive to retaliate was "limited" and "not strong" when there was a "lack of consequences or belief that the disclosure had merit or would result in the need for change" (quoting the Board's initial decision)).[4]

Further, we have viewed the May 6, 2018 video recordings that, according to the appellant's allegations in his OPR memorandum, the agency failed to consider in issuing him a June 2019 five-day suspension, and we do not find that they reflect any wrongdoing by the appellant's ex-wife. IAF, Tabs 33-35. They record portions of a verbal altercation between the appellant and his ex-wife over the fact that the appellant had possession of her cell phone and refused to return it to her. *Id.* The appellant's resulting June 2019 suspension charged the appellant with conduct unbecoming a CBP officer because during this altercation he took his ex-wife's phone and "got in [her] face," a description supported by the video. IAF, Tab 10 at 71, 74, Tabs 33-35. The agency also charged the appellant with attempting to use his position at the agency to obtain favorable treatment from local police following his arrest arising out of the incident. IAF, Tab 10 at 71. The video does not contain any recording relevant to the misuse of position charge.

The appellant also alleged in his November 8, 2021 OPR memorandum that he reported to his first-level supervisor in September and October 2021 certain incidents that occurred between him and his ex-wife outside of work. IAF, Tab 8 at 102-04. According to the appellant, he advised his supervisor that his ex-wife had locked him out of their bedroom, failed to return certain personal items such as the appellant's medication, thrown some of his belongings in the driveway or street, and removed a letter from the keyboard of his work laptop. *Id.* There is

---

[4] The Board may follow nonprecedential decisions of the Federal Circuit that it finds persuasive, as we do here. *See Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

no indication that the deciding official was connected to or implicated by the events in question or that he or any other agency official suffered any adverse consequences related to these matters. Considering this information, we find that any institutional motive by the deciding official was not strong.

To the extent that the appellant argues for the first time on review that his ex-wife had a motive to retaliate because of his June 8, 2022 JIC complaint, we decline to consider this argument. PFR File, Tab 3 at 33; IAF, Tab 23. The appellant asserts that the agency did not investigate his ex-wife until he submitted the JIC complaint. PFR File, Tab 3 at 33. However, he did not assert a claim of reprisal below based on this complaint. IAF, Tab 23. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). We decline to consider a claim of reprisal for the June 8, 2022 JIC complaint because the appellant does not explain why he did not make this argument below.

In the decision letter, the deciding official noted that he was "unaware of any comparators who engaged in the same or similar offenses whose circumstances closely resemble those present here." IAF, Tab 8 at 46. The appellant has not identified any nonwhistleblowers who engaged in the same type of misconduct but were not removed. Because the agency has presented unchallenged evidence that there were no comparators, we conclude that the third *Carr* factor is removed from the analysis. *See Young v. Department of Homeland Security*, 2024 MSPB 18, ¶ 22 n.12 (recognizing that if an agency produces evidence that there are no comparators, the third *Carr* factor is removed from the analysis). Weighing this factor together with the strong evidence supporting the appellant's removal and the slight evidence of a retaliatory motive, we find that the agency would have removed the appellant even in the absence of his November 8, 2021 OPR memorandum.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.